IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VONTRE JAMES, | 1:12-cv-01583-AWI-SAB-(HC) |
| Petitioner, | ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST TO STAY PROCEEDINGS AND GRANTING THIRD MOTION FOR EXTENSION OF TIME TO FILE TRAVERSE |
| vs. | |
| PAUL D. BRAZELTON, et al., | |
| Respondent. | (ECF No. 21) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On March 25, 2013, Petitioner filed a third motion for an extension of time to file a traverse. Petitioner indicates that the law library has been closed due to electrical problems and he is without necessary documents to prepare his traverse. Petitioner also indicates that he is in the process of exhausting other claims in the lower courts and requests a stay of the proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

**I.**

**DISCUSSION**

**A.   Motion for Extension of Time**

Petitioner is advised that law library closures are routine circumstances within the prison setting and although it may present good cause to grant an extension of time, the Court will not grant a fourth extension of time based on the blanket allegation of the closure of the

law library without further circumstances to demonstrate that Petitioner has been diligent in attempting to file a timely traverse.  Therefore, because this action has been pending for over four months awaiting a traverse and this is the third grant of an extension of time, no further extensions will be granted unless upon a showing of extraordinary circumstances.

Good cause having been presented, Petitioner will be granted thirty days from the date of service of this order in which to file a traverse.

### B.    Motion to Stay Proceedings Pursuant to Kelly v. Small

Petitioner filed the original petition for writ of habeas corpus in this case on September 27, 2012, and Respondent filed an answer to the petition on November 30, 2012.

In his current motion for an extension of time to file a traverse, Petitioner states that he is in the process of returning to state court to exhaustion additional claims that will later be amended to the original petition.  Petitioner requests to stay the proceeding pursuant to the Ninth Circuit's holding in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Pursuant to Kelly, the court can stay a fully exhausted petition to allow the petitioner the opportunity to proceed to state court to exhaust additional claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.)   The court then stays the petition in abeyance and allows the petitioner to return to state court to exhausted the additional claims.  Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition.  Id.

The Kelly procedure does not require a showing of good cause for the delay.  King, 564 F.3d at 1140.  The Ninth Circuit has noted a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the additional claims to amend back to the original petition after exhaustion.[1]  A claim can only relate back to a pending federal petition if the new claim shares a "common core of operate facts" within the claims in the pending petition.  Id. at 1141.  A new claim does not relate back to another claim simply

---

1. Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to habeas corpus petitions.  The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

because it arises from "the same trial, conviction, or sentence. <u>Mayle v. Felix</u>, 545 U.S. 644, 662-664 (2004).

Petitioner has failed to identify the additional claims he intends to exhaust in the state courts. As just mentioned, a petitioner seeking to utilize the <u>Kelly</u> procedure must demonstrate that the unexhausted claims are timely. <u>King</u>, 564 F.3d at 1140-1141. Because Petitioner's motion to stay the proceedings is incomplete in that it does not include the claims he intends to return to state court to exhaust, it must be denied without prejudice. Petitioner may file a second motion to stay within **fourteen (14)** days from the date of service of this order if he desires to do so.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner is granted thirty (30) days from the date of service of this order to file a traverse;

2. Further extensions will not be granted, absent extraordinary circumstances; and

3. Petitioner's motion to stay the proceedings is DENIED without prejudice to refiling within fourteen (14) days from the date of service of this order if he desires to do so.

IT IS SO ORDERED.

Dated:   **April 5, 2013**

UNITED STATES MAGISTRATE JUDGE