1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| MICHAEL VONTRE JAMES, | Case No.  1:12-cv-01583-AWI-SAB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS TO STAY THE PROCEEDING AND MOTION FOR AMENDMENT |
| v. | |
| PAUL D. BRAZELTON, | (ECF Nos. 23, 24, 25) |
| Respondent. | |

17      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

18  U.S.C. § 2254.

19      Petitioner filed the instant petition for writ of habeas corpus on September 27, 2012.

20  Respondent filed an answer to the petition on November 30, 2012.

21      After requesting and receiving three extensions of time to file a traverse, Petitioner filed a

22  motion to stay the proceedings, along with a motion to amend the petition, pending exhaustion of

23  additional claims in the state courts.  Respondent filed an opposition to the motion to stay on

24  August 2, 2013.

25                                        **I.**

26                                   **DISCUSSION**

27      Petitioner seeks a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), in order to

28  exhaust new claims of prosecutorial misconduct and ineffective assistance of counsel in state

1

1   court.  Petitioner contends the new claims are based on facts that arose after Petitioner filed the

2   instant federal petition.  (Motion, at 3.)  Petitioner acknowledges that in order to proceed with the

3   new claims in this case (after proper exhaustion is complete), the claims must relate back to the

4   "common core of operative facts" present in the original timely petition.  (Id.)

5        Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted

6   claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-

7   1071.)   The court then stays and holds the amended petition in abeyance and allows the

8   petitioner to return to state court to exhaust the deleted claims.  Id.   After completion of

9   exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original

10  petition. Id.

11       The Kelly procedure does not require a showing of good cause for the delay.  King, 564

12  F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed

13  petition pending, a petitioner proceeding under this procedure risks that he may not be able to

14  comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.

15  A claim can only relate back to a pending federal petition only if the new claim shares a

16  "common core of operate facts" within the claims in the pending petition.  Id. at 1141.  A new

17  claim does not relate back to other claims simply because it arises from "the same trial,

18  conviction, or sentence.  Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

19       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

20  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

21  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

22  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

23  S.Ct. 586 (1997).  The instant petition was filed on September 27, 2012, and thus, it is subject to

24  the provisions of the AEDPA.

25       The AEDPA imposes a one year period of limitation on petitioners seeking to file a

26  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

27  subdivision (d) reads:

28

2

1

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

3

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

6

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

7

8

9

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

10

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

11

12

13

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

14

In most cases, the limitation period begins running on the date that the petitioner's direct

15

review became final. Here, on July 20, 2011, the California Supreme Court denied the petition

16

for review. Petitioner did not file a petition for writ of certiorari in the United States Supreme

17

Court.

18

United States Supreme Court Rule 13 provides that a petition for certiorari must be filed

19

within ninety days of the entry of an order denying discretionary review by the state supreme

20

court. See S. Ct. R. 13. If a petitioner is denied discretionary review by the state's highest court

21

but does not file a petition in the United States Supreme Court, the judgment becomes final when

22

the time to file such petition expires. See Gonzalez v. Thaler, __ U.S. __, 132 S.Ct. 641, 653-

23

654, 181 L.Ed.2d 619 (2012). Therefore, Petitioner's judgment became final on October 18,

24

2011. The statute of limitations began running the following day on October 19, 2011, and

25

absent tolling, was set to expire on October 18, 2012. See Patterson v. Stewart, 251 F.3d 1243,

26

1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the

27

calculation of statutory tolling applicable to the one year limitations period.)

28

3

1       As Respondent acknowledges, the instant petition for writ of habeas corpus filed in

2   September 2012, is timely.  However, the filing of a federal habeas petition does not toll the

3   statute of limitations.  See Duncan v. Walker, 533 U.S. 167, 181 (2001).  In this instance,

4   Petitioner has not met the timeliness requirement under Kelly.  Petitioner fails to demonstrate

5   that his new claims would be timely or that amending his petition to include the new claims

6   would not be futile.  Petitioner only references in vague terms that his unexhausted ineffective

7   assistance of counsel and prosecutorial misconduct claims "are based on facts which have arose

8   [sic] since petitioner filed this present action[.]"  Although Petitioner claims to have filed certain

9   petitions in April and October 2012, he does not provide the Court with any evidence supporting

10  this assertion.  Petitioner does not identify a case number, a copy of any state court filings, a

11  reference to the county or court in which it was filed, or a specific relevant filing date.  As

12  previously stated, Petitioner filed the instant petition in September 2012, and now in June 2013

13  (after an answer has been filed), he seeks to stay and amend the petition.  Thus, based on the

14  assertions made in Petitioner's motion, the Court cannot find any amendment to be timely.

15      If the newly exhausted claims are not timely under the AEDPA or do not relate back to

16  the claims in the original petition, the claims may not be added to the existing petition and a stay

17  would be inappropriate.  Petitioner has failed to demonstrate that any claims may relate back to

18  the exhausted claims raised in the original petition.  As the moving party, Petitioner has the

19  burden to demonstrate that any new unexhausted claims "relate back" to the original petition.

20  See King v. Ryan, 564 F.3d 1133, 1140-1143 (9th Cir. 2009); see also Zaragoza v. Martel, No.

21  09cv01598-DMS (WMC), 2011 WL 1486528, at *3 (S.D. Cal. Jan. 31, 2011).  Petitioner has

22  failed to demonstrate or allege that his new unexhausted claims relate back to any of the claims

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  presented in the original.  Therefore, Petitioner has failed to meet his burden for a stay under

2  <u>Kelly</u>, and his motion must be denied.

3      Accordingly, it is HEREBY ORDERED that Petitioner's motion for stay and motion for

4  amendment are DENIED.

5

IT IS SO ORDERED.

6

7

   Dated:   **August 20, 2013**

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28